[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15041
Non-Argument Calendar

_____

D. C. Docket No. 06-00034-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL JUAREZ-MEDELLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 5, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Manuel Juarez-Medellin appeals his 41-month sentence for reentering the

United States without permission after being deported, in violation of 8 U.S.C. §

1326(a), (b)(2). On appeal, Juarez-Medellin argues (1) that his sentence was unreasonable because it exceeded the length of imprisonment necessary to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a), and (2) that the district court failed to adequately state the reasons for the imposition of Juarez-Medellin's sentence, as required by 18 U.S.C. § 3553(c). We affirm.

The facts relevant to Juarez-Medellin's sentencing claims are these. On January 24, 2006, Juarez-Medellin was indicted for being in the United States after having been deported and returning without consent, in violation of 8 U.S.C. § 1326(a), (b)(2). He pled guilty and proceeded to sentencing. The presentence investigation report ("PSI") assigned Juarez-Medellin a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a), and recommended a 16-level enhancement for having a conviction for drug trafficking, pursuant to § 2L1.2(b)(1)(A)(i), and a 3-level reduction for acceptance of responsibility, for an adjusted offense level of 21.

The PSI noted that in addition to prior convictions for possession of marijuana, possession with intent to distribute marijuana, and illegal entry, which yielded three criminal history points, Juarez-Medellin also faced pending charges, in Philadelphia, of simple assault, aggravated assault, recklessly endangering another person, indecent assault, and a failure to appear at trial. With a criminal

history category II, Juarez-Medellin's advisory Guidelines range was 41 to 51 months' imprisonment. Juarez-Medellin filed no objections to the PSI.

At the sentencing hearing, Juarez-Medellin asserted no objections to the PSI, and the district court adopted the PSI's calculations. In support of mitigation, Juarez-Medellin argued that a lower sentence, of 30 months' imprisonment, was appropriate because he had changed his life since his marriage and the birth of his child, and he had not been in trouble since his marijuana conviction when he was 20 years old. The government responded that a reasonable sentence would be within the Guidelines range, noting the charges which were pending in Philadelphia and which included a physical altercation.

The district court stated that it had heard the statements of Juarez-Medellin and his counsel, and, having reviewed the PSI and considering the § 3553(a) factors, it was sentencing Juarez-Medellin to 41 months' imprisonment (the low end of the Guidelines range he faced). The district court added the "sentence was sufficient but not greater than necessary to comply with the statutory purposes of sentencing. . .and a sentence at the bottom of the guideline range is appropriate." This appeal followed.

After the Supreme Court's decision in United States v. Booker, a district court, in determining a reasonable sentence, must consider the advisory Guidelines

3

range and the sentencing factors set forth in 18 U.S.C. § 3553(a). See 543 U.S. 220, 258-63 (2005); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review a defendant's sentence for unreasonableness in light of the factors in § 3553(a) and the reasons given by the district court. United States v. Williams, 435 F.3d 1350, 1354-55 (11th Cir. 2006). We review the ultimate sentence imposed for reasonableness. See Talley, 431 F.3d at 785 (citing Booker, 543 U.S. at 260).[1] A sentence within the Guidelines range is not per se reasonable, though "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

The district court must first accurately calculate the Guidelines range, and then it "may impose a more severe or more lenient sentence" after considering the § 3553(a) factors. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). These factors include the history and characteristics of the defendant, the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

---

[1]The government argues that we should review only for plain error because Juarez-Medellin failed to object to his sentence as unreasonable after it was imposed. We need not address this issue because, even under a reasonableness standard, Juarez-Medellin's argument fails.

18 U.S.C. § 3553(a).  We have clarified that a district court is not obligated to specifically address and analyze on the record every § 3553(a) factor.  Rather, a statement that the court considered the factors prior to imposing sentence is sufficient.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Here, imposition of Juarez-Medellin's sentence fully complied with the requirements of Booker.  The district court applied the Guidelines in an advisory fashion and gave Juarez-Medellin the opportunity to present mitigating factors at sentencing.  Prior to imposing sentence, the district court indicated that it had considered the parties' arguments in reaching its sentencing decision. Ultimately, the court rejected Juarez-Medellin's request for a sentence below the advisory range, stating that it had considered the § 3553(a) factors prior to imposing a sentence at the lowest end of the range Juarez-Medellin faced.

On this record, we can discern no Booker error in the imposition of sentence, particularly given that Juarez-Medellin not only had illegally entered the country, but also had committed criminal offenses and faced pending criminal charges in Philadelphia -- a point the government highlighted in its response to Juarez-Medellin's argument in support of a lower sentence.  Because the district court adequately considered the § 3553(a) factors, including Juarez-Medellin's history

5

and characteristics, as well as the need to sentence him sufficiently, but not greater than necessary, the sentence was not unreasonable.

We likewise are unpersuaded by Juarez-Medellin's argument that the district court failed to articulate its reasons for imposing sentence, in violation of 18 U.S.C. § 3553(c)(1). We review whether a district court complied with 18 U.S.C. § 3553(c)(1) de novo. United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006). "Pursuant to 18 U.S.C. § 3553(c)(1), a district court is required to state, in open court, the reason for its particular sentence, and if the sentence 'is of the kind, and within the range [recommended by the Guidelines] and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range.'" Id. When stating its reasons for imposing a particular sentence as required by § 3553(c)(1), the court should "tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." Id.

However, section 3553(c)(1)'s does not require "a sentencing court [to] incant the specific language used in the guidelines which applies to each reason given, nor does it mean that a court must state that a particular factor is not applicable in a particular case.'" Id. at 1182 (quoting United States v. Parrado, 911 F.2d 1567, 1572 (11th Cir. 1990)). Indeed, nothing in our precedent or Booker

6

"requires the district court, in its explanation of sentence under § 3553(c)(1), to articulate its consideration of each individual § 3553(a) factor, particularly where . . . it is <u>obvious</u> the court considered many of the § 3553(a) factors." <u>Id.</u> (emphasis in original).

Here, the district court complied with § 3553(c)(1) since it is <u>obvious</u>, given its explanation of Juarez-Medellin's sentence in relation to the § 3553(a) factors, that it considered many of the § 3553(a) factors, which is all that is required by <u>Bonilla</u>. The district court noted that it had heard and considered the parties' arguments in mitigation, the advisory Guidelines range, and the § 3553(a) factors in imposing sentence.

On this record, Juarez-Medellin has not shown that his sentence was unreasonable, nor has he established a violation of § 3553(c). Accordingly, we affirm his sentence.

**AFFIRMED.**